NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 17, 2009
Decided November 23, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1037

| | |
|---|---|
| BRIAN K. LAMPLEY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Indiana, |
| | Hammond Division. |
| *v.* | |
| | No. 2:06-CV-392-PRC |
| POLLUTION CONTROL INDUSTRIES | |
| OF AMERICA, | Paul R. Cherry, |
| *Defendant-Appellee*. | *Magistrate Judge*. |

**ORDER**

In this employment discrimination case, Brian Lampley, an African American, sued his former employer, Pollution Control Industries of America ("Pollution Control"), for race discrimination. *See* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Lampley, however, failed to respond to Pollution Control's summary judgment motion in violation of N.D. Ind. L.R. 56.1(a), and so the district court deemed admitted Pollution Control's version of the facts. The court went on to grant summary judgment for Pollution

Control, determining that Lampley failed to raise any genuine fact issue supporting a prima facie case of race discrimination. Lampley appeals, and we affirm.

Because Lampley did not oppose the motion for summary judgment, we, like the district court, accept the facts as presented by Pollution Control. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). Lampley began working for Pollution Control as an at-will employee in 2002. In 2006, after an employee reported that Lampley had returned from his lunch break smelling of alcohol, two supervisors escorted Lampley to a hospital for drug and alcohol tests. While waiting at the hospital, Lampley told his supervisor, "you will pay for this one." When his supervisor asked if he intended the comment as a threat, Lampley acknowledged that he did. Pollution Control suspended Lampley pending an investigation into allegations that he had violated the workplace violence provisions of the Employee Handbook by threatening a supervisor. After the threat was confirmed by a hospital nurse who had been sitting nearby, Pollution Control closed the investigation and fired Lampley.

Lampley brought this discrimination action under Title VII and 42 U.S.C. § 1981a, alleging that Pollution Control used a harsher hand with him than with white employees who had engaged in similar conduct. When Lampley failed to respond to Pollution Control's motion for summary judgment, Magistrate Judge Paul Cherry, proceeding with the parties' consent, adopted Pollution Control's version of the facts, concluded that Lampley failed to establish a prima facie case of race discrimination under either the direct or indirect, burden-shifting method, and granted the motion. With regard specifically to the indirect method, the court found that Lampley failed to establish that he was treated less favorably than similarly situated white employees. The court concluded that the three individuals indentified by Lampley—Art Cadena, Ronald Artist, and James Heiser—were not comparable because they were not accused of violating the company's workplace violence policy.

On appeal Lampley argues that the district court erred in granting summary judgment because the evidence supports a prima facie case of discrimination—even on Pollution Control's uncontested version of the record. Specifically Lampley challenges the district court's determination that Pollution Control did not provide favorable treatment to similarly situated white employees.

Under the indirect method of proof, Lampley must prove a prima facie case by showing, among other things, that a comparable employee outside his protected class received better treatment. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *McGowan v. Deere & Co.*, 581 F.3d 575, 579 (7th Cir. 2009); *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 939 (7th Cir. 2003). In the context of a disciplinary action, we normally rely on a showing that the employees engaged in similar conduct, were subject to the same performance standards,

and dealt with the same supervisor. *Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dept.*, 510 F.3d 681, 688 (7th Cir. 2007); *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000).

Lampley renews his argument that his three former white colleagues—Art Cadena, Ron Artist, and James Heiser—received more lenient treatment from Pollution Control. First, Lampley contends that Pollution Control let Cadena off with just a warning after a nurse who was administering his physical examination complained that she felt intimidated by some of his comments. But the district court properly distinguished Cadena's conduct, observing that he was addressing a third party, not a supervisor, and that he was reprimanded not for making threats but rather for making "rude" remarks. *See Adams*, 324 F.3d at 940 (employees not similarly situated because eating a co-worker's pudding was not comparable to stealing employer's money).

For similar reasons, the district court found that Ron Artist, Lampley's second comparator, was also not similarly situated. Artist received a three-day suspension after an alcohol-related incident at work. But Artist's misconduct ended with alcohol abuse, whereas Lampley's escalated to a threat against his supervisor—the immediate cause of his termination. In the absence of any evidence that Artist was disciplined under the workplace violence rules, the district court correctly concluded that the two instances of misconduct are not sufficiently comparable. *See id.*; *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 330 (7th Cir. 2002).

Finally, Lampley contends that Heiser got off with merely a three-day suspension after threatening a supervisor who had asked him to work overtime. But based on Pollution Control's version of the facts, which the district court accepted as true, Heiser's comment was merely obscene and not threatening, and the company suspended him on the milder charge of insubordination. The district court was thus correct to conclude that Heiser and Lampley had not engaged in materially similar conduct. *See Adams*, 324 F.3d at 940; *Radue*, 219 F.3d at 618-19 (concluding that plaintiff's substantial performance problems precluded a finding that he was similarly situated to comparators).

AFFIRMED.